UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JACQELINE GOODALL,<br>  PLAINTIFF,<br><br>v.<br><br>LVNV FUNDING, LLC<br>  DEFENDANTs. | CASE #: 3:22 -CV- 534<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendants LVNV Funding, LLC, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Jacqueline Goodall, an individual consumer, against Defendant, LVNV Funding, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendant transacts business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Jacqeline Goodall ("Plaintiff" or "Goodall") is a natural person and resides in Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware LLC, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at Delaware Registered Agent of Corporation Service Company, 251 Little Falls Dr. Wilmington, DE 19808, with its principal place of business at 6801 S. Cimarron Rd, Suite 424-J, Las Vegas, NV 89113, NOT registered to do business in Virginia with the State Corporation Commission

9. The principal business of LVNV is the collection of debts.

10. LVNV regularly attempts to collect consumer debts alleged due to another.

11. LVNV is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

12. Plaintiff is alleged to have incurred a debt with Synchrony Bank. (not a party to this case) for personal use, bringing the debts in question within the Fair Debt Collection Practices Act.

13. LVNV filed a lawsuit on or about September 16, 2021, in the Chesterfield County, Virginia state courts, and assigned case number GV21010943-00, against the plaintiff alleging the debt was owed to LVNV.

14. LVNV was not registered with the State Corporation Commission for Virginia.

15. Goodall retained counsel to defend the lawsuit, incurring attorneys fees.

16. Goodall, through counsel, moved the state court to dismiss the lawsuit filed by LVNV because they were in violation of Virginia Code §13.1-1057(A). This motion was granted.

17. LVNV has not appealed the state court's order dismissing.

18. Plaintiff suffered emotional distress and anxiety and her work suffered. Her direct supervisor noticed the degradation in the quality of the work. There was also a co-worker who also noticed the degradation in performance.

19. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

20. Plaintiff restates and re-alleges all previous paragraphs herein.

21. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692d, in that used abusive and harassing actions in the collection of a consumer debt.

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692e(4), in that it falsely represented that a garnishment could occur, in the collection of a consumer debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692e(5), in that it falsely took or threatened an action that could not be taken, in the collection of a consumer debt.

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

22. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs.

**JACQUELINE GOODALL**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792 phone
804.823.2565 fax
